Yana G. Henriks, Esq. (SBN 250638)
Email: yhenriks@law-mh.com
Nolan Dilts, Esq. (SBN 328904)
Email: ndilts@law-mh.com
**McMURRAY HENRIKS, LLP**
811 Wilshire Blvd., Suite 1640
Los Angeles, California 90017
Telephone: (323) 931-6200
Facsimile: (323) 931-9521

*Attorneys for Plaintiff S.L.*

Electronically FILED by
Superior Court of California,
County of Los Angeles
10/24/2023 6:21 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By Y. Tarasyuk, Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| S.L., a minor, by and through her guardian *ad litem*, PATRICIA GUEVARA,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES, a California municipal entity; LOS ANGELES POLICE DEPARTMENT, a California municipal entity; OFFICER DANIEL CARDENAS, an individual; OFFICER KEVIN MARTINEZ, an individual; POLICE CHIEF MICHEL MOORE, an individual; and DOES 1- 100, inclusive,<br><br>Defendants. | Case No.:  23STCV26028<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. **EXCESSIVE FORCE 42 U.S.C. §1983;**<br>2. **FAILURE TO SUMMON MEDICAL CARE 42 U.S.C. §1983;**<br>3. **VIOLATION OF DUE PROCESS 42 U.S.C. §1983;**<br>4. **UNCONSTITUTIONAL POLICY 42 U.S.C. §1983, *MONELL;***<br>5. **FAILURE TO PROPERLY TRAIN, SUPERVISE AND DISCIPLINE, 42 U.S.C. §1983, *MONELL;***<br>6. **NEGLIGENCE;**<br>7. **ASSAULT;**<br>8. **BATTERY;**<br>9. **CIVIL CODE §52.1 (BANE ACT);**<br>10. **WRONGFUL DEATH;**<br>11. **INTERFERENCE WITH FAMILIAL RELATIONSHIP.**<br><br>**DEMAND FOR JURY TRIAL** |

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

**EXHIBIT 1 - Page 8**

COMPLAINT AND DEMAND FOR JURY TRIAL

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

**COMES NOW** Plaintiff S.L., a minor, by and through her guardian *ad litem*, PATRICIA GUEVARA, by her attorneys of record, and hereby alleges as follows:

### INTRODUCTORY STATEMENT

1.       This is a civil rights action against the City of Los Angeles, the Los Angeles Police Department, Officer Daniel CARDENAS, Officer Kevin MARTINEZ, Police Chief Michel MOORE, and Does 1-100, seeking monetary and punitive damages against Defendants, and each of them, for violations of various rights under the United States Constitution and California state law in connection with the unlawful use of excessive force against, and denial of due process to GIOVANNI LUNA aka LIOVAHNII LUNA (hereafter "LUNA") occurring on or about September 11, 2022.

### VENUE AND JURISDICTION

2.       Jurisdiction and venue in this county and division is proper because the events giving rise to each and every one of the following causes of action, which are described below, occurred within this judicial district in the State of California. Furthermore, the relief sought through this Complaint is within the jurisdiction of this Court because the damages are more than $25,000.00.

3.       Venue in this Court is also proper in that Defendants do business in the County of Los Angeles in the State of California.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

4.       Plaintiff incorporates by reference herein all allegations set forth above.

5.       Plaintiff timely and properly filed tort claims pursuant to California Government Code section 910 *et seq.*, and this action is timely filed within all applicable statutes of limitation.

6.       On March 7, 2023, Plaintiff filed a comprehensive and timely claim for personal injury and money damages with the City of Los Angeles and the Los Angeles Police Department pursuant to applicable sections of the California Government Code.

7.       The City of Los Angeles and the Los Angeles Police Department denied Plaintiff's claim on April 25, 2023.

**EXHIBIT 1 - Page 9**

COMPLAINT AND DEMAND FOR JURY TRIAL

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

**PARTIES**

8.      Plaintiff S.L. is, and at all times relevant herein was, an individual residing in the County of Los Angeles, in the State of California. Plaintiff S.L. is a minor in the physical and legal custody of guardian *ad litem* PATRICIA GUEVARA.  S.L. is the biological child of decedent LUNA and is entitled to bring this action in her individual capacity and as successor-in-interest to decedent under the provisions of Code of Civil Procedure sections 377.11 and 377.60.

9.      Plaintiff is informed and believes, and based thereon alleges, that Defendant CITY OF LOS ANGELES (hereafter "CITY") is, and was at all times mentioned in this Complaint, a municipal entity and political subdivision organized and existing under the laws of the State of California.

10.      Furthermore, at all times relevant herein, Defendant LOS ANGELES POLICE DEPARTMENT (hereafter "LAPD"), was and is an operating department of the CITY OF LOS ANGELES. Defendant LAPD is and was at all times relevant herein a public entity operating under the existing law of the State of California.

11.      Defendant Officer DANIEL CARDENAS, (hereinafter "Officer CARDENAS" or "CARDENAS"), was employed by Defendants CITY, LAPD, and/or DOES 1-100, at the time of the incident. On information and belief, Officer CARDENAS, is, and at all times mentioned in this Complaint was, a resident of the County of Los Angeles, State of California.

12.      Defendant Officer KEVIN MARTINEZ, (hereinafter "Officer MARTINEZ" or "MARTINEZ"), was employed by Defendants CITY, LAPD, and/or DOES 1-100, at the time of the incident. On information and belief, Officer MARTINEZ is, and at all times mentioned in this Complaint was, a resident of the County of Los Angeles, State of California.

13.      Defendant, Police Chief MICHEL MOORE, (hereinafter "Chief MOORE" or "MOORE"), was employed by Defendants CITY, LAPD and/or DOES 1-100, at the time of the incident. On information and belief, Chief MOORE is, and at all times mentioned in this Complaint was, a resident of the County of Los Angeles, State of California.

14.      Plaintiff is informed and believes, and based thereon alleges, that Defendants CARDENAS, MARTINEZ, MOORE, and DOES 1-100 are and at all pertinent times were

**EXHIBIT 1 - Page 10**

COMPLAINT AND DEMAND FOR JURY TRIAL

**McMurray Henriks, LLP**
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

individuals and law enforcement personnel employed in the County of Los Angeles and/or by Defendants CITY, LAPD, and/or DOES 1-100 and further that the LAPD supervised Defendants CARDENAS, MARTINEZ, and DOES 1-100, under the ultimate control, governance, and policymaking authority of Defendants CITY, LAPD, and/or DOES 1-100.

15. Defendants CARDENAS, MARTINEZ, MOORE, and DOES 1-100 were acting under the color of statutes, ordinances, regulations, customs, laws, and usages of Defendants CITY and/or LAPD and the State of California and under the authority of their respective offices and pursuant to the course and scope of their employment.

16. All of the facts, acts, omissions, events, and circumstances herein mentioned and described occurred in the County of Los Angeles, State of California.

17. DOES 1 through 100, inclusive (including DOE officers), are also those persons or entities whose conduct caused the injuries and damages alleged herein. The true names and/or capacities, whether individual, corporate, associate or otherwise of Defendants DOES 1- 100, inclusive, and each of them, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Defendants DOES 1 through 100 were police officers, officials, employees, and/or agents of Defendants CITY and/or LAPD. At all times relevant hereto, these defendants were acting in their professional capacity within the course and scope of their agency and/or employment and/or were the agents, servants and employees of each other and were acting at all times within the full course and scope of their agency and employment, with the full knowledge and consent, either expressed or implied, of their principal and/or employer.

18. Defendants, and each of them, were the agents, employees and servants of each other and were acting at all times within the full course and scope of their agency and employment, with the full knowledge and consent, either expressed or implied, of their principal and/or employer and each of the other named Defendants, and each of the Defendants had approved or ratified the actions of the other Defendants thereby making all named Defendants herein liable for the acts and/or omissions of their agents, servants and/or employees.

19. Plaintiff will amend this Complaint to allege such defendants' true names and capacities when same have been ascertained. Plaintiff is informed and believes and thereon

**EXHIBIT 1 - Page 11**

COMPLAINT AND DEMAND FOR JURY TRIAL

**McMurray Henriks, LLP**
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

alleges that each of the fictitiously named Defendants is responsible in some manner for the acts and occurrences herein alleged, whether such acts and occurrences were committed intentionally, negligently, recklessly or otherwise, and that each said DOE defendant is liable to Plaintiff for the damages claimed herein. Plaintiff is informed and believes and thereupon alleges that each of the Defendants herein fictitiously named as a DOE is legally responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred, and therefore, proximately caused the injuries and damages to Plaintiff as herein alleged.

## FACTS SHARED BY ALL CAUSES OF ACTION

20.     Plaintiff S.L. repeats and re-alleges all prior paragraphs of this Complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

21.     On or around September 11, 2022, Officers CARDENAS and MARTINEZ shot and killed LUNA. Officers CARDENAS and MARTINEZ shot at LUNA at least eleven times despite the fact that he posed no imminent threat or great bodily injury. The use of excessive, unnecessary, and lethal force by Officers CARDENAS and MARTINEZ against LUNA caused his death, and he leaves behind a bereaved minor daughter, S.L.

22.     Contrary to basic police training, several officers, including Officers CARDENAS and MARTINEZ, failed to summon medical assistance in time to save LUNA's life, and at one point handcuffed him while he was bleeding out on the sidewalk instead of rendering care. LUNA might still be alive today but for the excessive, unnecessary, and deadly force employed by Officers CARDENAS and MARTINEZ. Defendants killed LUNA without justification and in violation of his constitutional rights.

## FIRST CAUSE OF ACTION

### EXCESSIVE FORCE, 42 U.S.C. § 1983

### (Against Defendants CARDENAS, MARTINEZ and DOES 1-100)

23.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in this complaint as though set forth herein in full.

24.     This claim is brought by Plaintiff S.L. in her representative capacity as successor in interest to LUNA's estate for violations of his right under the Fourth Amendment to be free

**EXHIBIT 1 - Page 12**

COMPLAINT AND DEMAND FOR JURY TRIAL

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

from official infliction of excessive force.

25.    LUNA had a clearly established right under the Fourth Amendment to be free from official infliction of excessive force.

26.    LUNA did not actively resist defendant officers.

27.    LUNA posed no imminent threat to any of the Defendants or to any third parties when Defendants imposed excessive force upon LUNA by firing two rounds from their service firearms at him as he ran down the sidewalk and then approximately nine more rounds at LUNA in the 500 block of South Rampart Boulevard, where he died.

28.    Defendants' uses of force were objectively unreasonable under the totality of the circumstances. The excessive force used was also performed with a deliberate indifference to the safety and welfare of LUNA, not to mention other bystanders, residents, and business owners. Defendants' actions thus deprived LUNA of his right to be free from the use of excessive force by law enforcement and secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment of the United States Constitution.

29.    Additional officers, as yet unidentified, who arrived at the scene on South Rampart Boulevard did not intervene to protect LUNA despite witnessing the excessive force employed by Defendant officers. Nor did they intervene to ensure that LUNA received prompt medical attention. They were able to intervene to halt this unconstitutional conduct but did not. Their refusal to intervene violated their constitutional and moral duty to protect and serve the public under the Fourteenth Amendment of the United States Constitution.

30.    At all times herein, Defendants were acting within the course and scope of their employment as law enforcement officers of the LAPD.

31.    Defendants acted under color of state law and knew that firing approximately eleven rounds at LUNA from their service firearms without justification and concern for LUNA's life constituted the use of excessive force under clearly established law.

32.    The conduct alleged herein caused LUNA to be deprived of his civil rights that are protected under the United States Constitution, California Constitution, and federal and state laws. The actions of Defendants CARDENAS, MARTINEZ and Does 1-100 have legally, proximately,

**EXHIBIT 1 - Page 13**

COMPLAINT AND DEMAND FOR JURY TRIAL

foreseeably, and actually caused LUNA's death. LUNA's death has also caused his surviving daughter to suffer emotional distress, pain and suffering, loss of parental affection and guidance, and further general and special damages according to proof at the time of trial.

33.    As a further result of the foregoing, Plaintiff is entitled to recover reasonable costs and attorney fees under 42 U.S.C. § 1988.

34.    The actions of Defendants, and each of them, shock the conscience and clearly and obviously evince malice toward LUNA.

35.    In committing the acts described above, Plaintiff is informed and believes that Defendants CARDENAS, MARTINEZ and Does 1-100 acted with oppression, fraud, or malice, entitling Plaintiff to an award of punitive damages under 42 U.S.C. § 1983 and Civil Code § 3294 against these Defendants in an amount according to proof at time of trial.

## SECOND CAUSE OF ACTION

### FAILURE TO SUMMON MEDICAL CARE 42 U.S.C. § 1983

### (Against Defendants CARDENAS, MARTINEZ, and DOES 1-100)

36.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in this complaint as though set forth herein full.

37.    This claim is brought by Plaintiff S.L. in her representative capacity as successor in interest to LUNA's estate for violations of his right under the Fourth Amendment to prompt and reasonable medical care.

38.    Defendants CARDENAS, MARTINEZ, and Does 1-100 while working as police officers for the City of Los Angeles, and acting within the course and scope of their duties, had custody of LUNA after detaining him.

39.    Defendants CARDENAS, MARTINEZ, and Does 1-100 failed to summon and/or obtain prompt medical care for LUNA despite the obvious and serious nature of his various injuries, including but not limited to: bleeding from his chest, back, face and body, his difficulty with breathing, and loss of consciousness. Instead, LUNA was left without medical aid or assistance for an unreasonable period of time while he lay dying from gunshot wounds.

40.    Defendants CARDENAS, MARTINEZ, and Does 1-100 failure to provide or

**EXHIBIT 1 - Page 14**

COMPLAINT AND DEMAND FOR JURY TRIAL

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

obtain prompt medical care to LUNA in light of the obvious and serious nature of his injuries constituted violations of his rights under the Fourth Amendment to the United States Constitution.

41.     The failure of Defendants CARDENAS, MARTINEZ, and Does 1-100 to provide prompt medical care to LUNA contributed to his injuries and to his death.

42.     Defendants CARDENAS, MARTINEZ, and Does 1-100 are liable for LUNA's damages because they were integral participants to the denial of medical care.

43.     The conduct of Defendants CARDENAS, MARTINEZ, and Does 1-100 was malicious, oppressive or done in reckless disregard for the rights of LUNA, justifying an award of exemplary and punitive damages.

44.     The conduct alleged herein caused LUNA to be deprived of his civil rights that are protected under the United States Constitution, California Constitution, and federal and state laws. The actions of Defendants CARDENAS, MARTINEZ and Does 1-100 have legally, proximately, foreseeably, and actually caused LUNA's death. LUNA's death has also caused his surviving daughter to suffer emotional distress, pain and suffering, loss of parental affection and guidance, and further general and special damages according to proof at the time of trial.

45.     As a further result of the foregoing, Plaintiff is entitled to recover reasonable costs and attorney fees under 42 U.S.C. § 1988.

46.     The actions of Defendants, and each of them, shock the conscience and clearly and obviously evince malice toward LUNA.

47.     In committing the acts described above, Plaintiff is informed and believes that Defendants CARDENAS, MARTINEZ and Does 1-100 acted with oppression, fraud, or malice, entitling Plaintiff to an award of punitive damages under 42 U.S.C. § 1983 and Civil Code § 3294 against these Defendants in an amount according to proof at time of trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF DUE PROCESS 42 U.S.C. § 1983

### (Against Defendants CARDENAS, MARTINEZ, and DOES 1-100)

48.     Plaintiff re-alleges and incorporates by reference each and every allegation

**EXHIBIT 1 - Page 15**

COMPLAINT AND DEMAND FOR JURY TRIAL

contained in this complaint as though set forth herein full.

49.     This claim is brought by Plaintiff S.L. in her representative capacity as successor in interest to LUNA's estate for violations of his right under the Fourteenth Amendment to due process of law.

50.     The Due Process clause forbids the government from depriving a person of life, liberty, or property in such a way that shocks the conscience or interferes with the rights implicit in the concept of ordered liberty.

51.     Defendant Officers CARDENAS and MARTINEZ employed excessive force onto LUNA without justification in violation of the Due Process Clause of the Fourteenth Amendment.

52.     Defendants CARDENAS, MARTINEZ, and Does 1-100 failed to immediately provide medical care to LUNA, despite his being obviously injured and in pain due to a gunshot wound to the chest, in violation of the Due Process Clause of the Fourteenth Amendment.

53.     Defendants CARDENAS, MARTINEZ, and Does 1-100 unlawfully handcuffed LUNA despite there being no legal justification for doing so in violation of the Due Process Clause of the Fourteenth Amendment.

54.     LUNA was mortally wounded and as such unable to comply with the officers' commands.

55.     Defendants had the ability to reflect on their course of conduct before engaging in the use of excessive force and violating LUNA's liberty interest in his bodily security. Defendants officers affirmatively placed LUNA in a position of danger. Defendants officers consciously disregarded a substantial risk of serious harm.

56.     Defendants CARDENAS, MARTINEZ, and Does 1-100 were acting within their scope and employment as officers within the LAPD.

57.     The actions of Defendants CARDENAS, MARTINEZ, and Does 1-100 shock the conscience and clearly and obviously evince malice toward LUNA.

58.     The conduct alleged herein caused LUNA to be deprived of his civil rights that are protected under the United States Constitution, California Constitution, and federal and state laws. The actions of Defendants have legally, proximately, foreseeably, and actually caused actually

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

**EXHIBIT 1 - Page 16**

COMPLAINT AND DEMAND FOR JURY TRIAL

caused LUNA's death. LUNA's death has also caused his surviving daughter to suffer emotional distress, pain and suffering, loss of parental affection, comfort, care, and guidance, and further general and special damages according to proof at the time of trial.

59.    As a further result of the foregoing, Plaintiff is entitled to recover reasonable costs and attorney fees under 42 U.S.C. § 1988.

60.    The actions of Defendants, and each of them, shock the conscience and clearly and obviously evince malice toward LUNA.

61.    The conduct alleged herein was done with oppression, fraud, malice, and/or deliberate or reckless disregard of constitutionally protected rights, justifying an award of exemplary damages against these Defendants in an amount according to proof at the time of trial in order to deter Defendants from engaging in similar conduct and to make an example by way of monetary punishment.

## FOURTH CAUSE OF ACTION

**FAILURE TO PROPERLY TRAIN, SUPERVISE AND DISCIPLINE, 42 U.S.C. § 1983,**

***MONELL***

**(Against Defendants CITY, LAPD, and DOES 1-100)**

62.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in this complaint as though set forth herein in full.

63.    Defendants CITY, LAPD, and DOES 1-100 as a matter of custom, practice, and policy, failed to maintain adequate and proper training for officers and law enforcement personnel in the LAPD necessary to educate the officers as to the Constitutional rights of arrestees and/or detainees, to prevent the consistent and systematic use of excessive force by arresting officers, and to prevent the excessive force and extra judicial punishment of potential arrestees by officers.

64.    Defendants CITY, LAPD, and DOES 1-100 also failed to provide adequate supervision and discipline to officers that hold the power, authority, insignia, equipment, weapons, and/or other type of means entrusted to them as described herein. Defendants CITY, LAPD, and DOES 1-100 also failed to promulgate and enforce adequate policies and procedures related to the use of proper force and when to cease and desist the use of any force in handling a

**EXHIBIT 1 - Page 17**

COMPLAINT AND DEMAND FOR JURY TRIAL

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

detainee and/or arrestee.

65. Defendants CITY, LAPD, and DOES 1-100's failures to supervise and discipline the offending officers that fostered and/or practiced the custom, practice, and/or policy to use unwarranted force towards unarmed and/or handcuffed detainees and/or arrestees within the LAPD resulted in the unwarranted attack to LUNA's person.

66. By perpetrating, sanctioning, tolerating, and ratifying the conduct and other wrongful acts, Defendants CITY, LAPD, and DOES 1-100 acted with an intentional, reckless, and callous disregard for the constitutional and human rights of LUNA.

67. Said custom, practice, and policy included a failure to adequately investigate, supervise and discipline offending officers that fostered the custom, practice, and policy within the LAPD which resulted in the excessive use of force described herein and the wrongful death of LUNA.

68. The constitutionally infirm lack of adequate training, supervision, and discipline as to the officers and law enforcement personnel in this case caused the wrongful death of LUNA and the emotional distress, pain and suffering, and loss of parental affection, comfort, solace, and guidance for his surviving daughter, S.L., and general and special damages according to proof at the time of trial.

69. Plaintiff is entitled to recover reasonable costs and attorney fees under 42 U.S.C. § 1988.

## FIFTH CAUSE OF ACTION

### UNCONSTITUTIONAL POLICY, *MONELL*

### (Against Defendants CITY, LAPD, and DOES 1-100)

70. Plaintiff re-alleges and incorporates by reference each and every allegation contained in this complaint as though set forth herein full.

71. Defendants CITY, LAPD, and DOES 1-100 maintained an unconstitutional custom, policy or practice, within the meaning of *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978) ("*Monell*") of employing excessive force, and depriving persons of life, liberty and property.

**EXHIBIT 1 - Page 18**

COMPLAINT AND DEMAND FOR JURY TRIAL

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

MCMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

72. The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws and is essentially a directive that all persons similarly situated should be treated alike.

73. Individual Defendants violated LUNA's constitutionally protected rights by utilizing excessive force beyond what was required to restrain LUNA and by depriving LUNA of medical treatment.

74. Individual Defendants not only acted deliberately against LUNA, but also singled him out for selective enforcement on an impermissible basis: his Hispanic race, ethnicity, and/or perceived national origin.

75. Defendants acted with an intent or purpose to discriminate against LUNA based upon membership in a protected class pursuant to Defendants CITY, LAPD, and/or DOES 1-100's policy and/or procedure.

76. Individual Defendants acted under color of law and knew that racially discriminating and/or profiling LUNA in these circumstances was illegal under clearly established law.

77. Individual Defendants acted pursuant to LAPD policy and/or procedure when they engaged in the aforementioned discriminatory conduct.

78. Defendants CITY, LAPD, and DOES 1-100 maintained an unconstitutional policy to permit law enforcement officers to engage in detention and/or arrest for persons who had committed no crime and/or infraction based upon the appearance of said person and based upon discriminatory profiling of persons, to permit the exercise of excessive force against pretrial detainees, and to deny medical care to pretrial detainees.

79. The unconstitutional policies set forth above were the direct cause of LUNA's wrongful death in this case.

80. By perpetrating, sanctioning, tolerating, and ratifying the conduct and other wrongful acts, Defendants CITY, LAPD, and DOES 1-100 acted with an intentional, reckless, and callous disregard for the life and constitutional and human rights of LUNA.

81. The conduct alleged herein violated LUNA's rights alleged above, which has

**EXHIBIT 1 - Page 19**

COMPLAINT AND DEMAND FOR JURY TRIAL

legally, proximately, foreseeably and actually caused the wrongful death of LUNA and the emotional distress, pain and suffering, and loss of parental affection, comfort, solace, and guidance for his surviving daughter, S.L., and general and special damages according to proof at the time of trial.

82.    Plaintiff is also entitled to recover reasonable costs and attorney fees under 42 U.S.C. § 1988.

### SIXTH CAUSE OF ACTION

### NEGLIGENCE

### (Against All Defendants)

83.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in this complaint as though set forth herein in full.

84.    Defendants CARDENAS, MARTINEZ, and DOES 1-100 were police officers acting within the course and scope of their employment who negligently, carelessly, and without reasonable care used excessive force against LUNA. Alternatively, at the time and place described above, each of the Defendants came upon LUNA and negligently, carelessly and/or recklessly concluded that he presented a risk of serious injury or harm to one of them, thereby necessitating the use of excessive force against him.

85.    Defendants CARDENAS, MARTINEZ, and DOES 1 through 100, and each of them, had the duty to exercise ordinary care towards LUNA and should have known that subjecting him to conduct described herein would lead to bodily injury or death and foreseeably cause the LUNA to suffer harm.

86.    Defendants CARDENAS, MARTINEZ, and DOES 1- 100, breached their legal duty by failing to act reasonably in light of the circumstances.

87.    Defendants CARDENAS, MARTINEZ, and DOES 1 -100 had the opportunity to intervene and failed to do so, thereby breaching their legal duty and failed to act reasonably in light of the circumstances.

88.    Defendants CITY, LAPD, and DOES 1-100 are vicariously liable for the wrongful acts of Defendant Officers pursuant to section 815.2 of the California Government Code, which

**EXHIBIT 1 - Page 20**

McMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

89.    As a direct and proximate result of the foregoing, the negligence of Defendants caused the wrongful death of LUNA and the emotional distress, pain and suffering, and loss of parental affection, comfort, solace, and guidance for his surviving daughter, S.L., and general and special damages according to proof at the time of trial.

### SEVENTH CAUSE OF ACTION

### ASSAULT

### (Against All Defendants)

90.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in this complaint as though set forth herein in full.

91.    Plaintiff is informed and believes that Defendants CARDENAS, MARTINEZ, and DOES 1-100, with the knowledge, permission, and consent of Defendants CITY, LAPD, and DOES 1-100, used excessive force against LUNA even though LUNA had not posed any reasonable imminent threat of death or serious bodily injury.

92.    Defendants acted with an intent to cause apprehension of immediate harmful and/or offensive bodily contact when they fired upon and shot LUNA and denied him immediate medical care.

93.    Defendants CARDENAS, MARTINEZ, and DOES 1-100 acted with an intent to cause apprehension of immediate harmful and/or offensive bodily contact when they fired upon and shot LUNA.

94.    In doing the acts alleged in this complaint, each of the Defendants CARDENAS, MARTINEZ, and DOES 1-100 knew, or through the exercise of reasonable diligence should have known that their actions were likely to injure and cause harm to LUNA. Plaintiff is informed and believes, and thereon alleges, that each of those Defendants intended to cause LUNA injury and/or death and acted with a malicious, willful, and conscious disregard for his rights. Accordingly, the conduct of Defendant Officers and DOES 1 through 100 in using excessive force against LUNA justifies the awarding of punitive damages against each of the individual Defendants pursuant to

**EXHIBIT 1 - Page 21**

COMPLAINT AND DEMAND FOR JURY TRIAL

**McMurray Henriks, LLP**
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

Civil Code § 3294.

95.    Defendants CITY, LAPD, and DOES 1-100 are vicariously liable for the wrongful acts of Defendants OFFICERS CARDENAS, MARTINEZ, and DOES 1-100 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

**EIGHTH CAUSE OF ACTION**

**BATTERY**

**(Against Defendants CARDENAS, MARTINEZ, and DOES 1-100)**

96.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in this complaint as though set forth herein in full.

97.    Plaintiff is informed and believes that Defendants CARDENAS, MARTINEZ, and DOES 1-100, with the knowledge, permission, and consent of Defendants CITY, LAPD, and DOES 1-100, used excessive force against LUNA though LUNA had not posed any reasonable threat of death or serious bodily injury to anyone.

98.    Defendants acted with an intent to cause apprehension of immediate harmful and/or offensive bodily contact when they fired upon and shot LUNA and denied him immediate medical care.

99.    The harmful and/or offensive bodily contact did in fact occur.

100.    The harmful and/or offensive bodily contact was not privileged.

101.    LUNA did not consent to harmful and/or offensive bodily contact used against him.

102.    The harmful and/or offensive bodily contact employed by Defendant Officers was not reasonable.

103.    In doing the acts alleged in this complaint, each of the Defendant Officers and DOES 1 through 100 knew, or through the exercise of reasonable diligence should have known that their actions were likely to injure and cause harm to LUNA. Plaintiff is informed and believes, and thereon alleges, that each of those Defendants intended to cause him injury and/or death and

**EXHIBIT 1 - Page 22**

COMPLAINT AND DEMAND FOR JURY TRIAL

MCMURRAY HENRIKS, LLP
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

acted with a malicious, willful, and conscious disregard for his rights. Accordingly, the conduct of Defendant Officers and DOES 1 through 100 in using excessive force against LUNA justifies the awarding of punitive damages against each of the individual Defendants pursuant to Civil Code § 3294.

104. Defendants CITY, LAPD, and DOES 1-100 are vicariously liable for the wrongful acts of Defendant Officers pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

### NINTH CAUSE OF ACTION

### VIOLATION OF BANE ACT, CAL. CIVIL CODE § 52.1

### (Against All Defendants)

105. Plaintiff repeats and re-alleges all prior paragraphs of this Complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

106. The California Legislature declared that it violates our state civil rights act for any person to interfere with the exercise or enjoyment by an individual of his/her rights secured by the United States Constitution or state or federal law. This includes any interference of these rights by threats, intimidation, coercion, or attempted threats, intimidation, or coercion.

107. Defendants CARDENAS, MARTINEZ, and DOES 1-100 while working as officers for the CITY, and acting within the course and scope of their official duties, interfered with and/or attempted to interfere with the rights of LUNA to be free from unreasonable searches and seizures and unreasonable excessive force by threatening or committing acts involving violence, coercion or intimidation, as set forth above.

108. On information and belief, LUNA reasonably believed that if he exercised his constitutional rights to be free from unreasonable searches and seizures and unreasonable excessive force, Defendant Officers would commit acts involving violence, threats, coercion or intimidation against his person.

109. This interference with LUNA's rights was perpetrated in violation of California Civil Code § 52.1 and LUNA's right to liberty and to be free from excessive force under the

**EXHIBIT 1 - Page 23**

COMPLAINT AND DEMAND FOR JURY TRIAL

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

California and Federal Constitutions.

110. The conduct alleged herein violated LUNA's rights alleged above which has legally, proximately, foreseeably and actually caused Plaintiff to suffer general and special damages according to proof at the time of trial.

111. Defendants' violation of LUNA's rights as guaranteed by Cal. Civ. Code § 52.1 entitles Plaintiff to reasonable attorneys' fees and costs of suit pursuant to Cal. Civ. Code §§ 52.1, subd. (h), 52(b)(3). Plaintiff is also entitled to injunctive and/or declaratory relief thereon.

112. In committing the acts described above, Plaintiff is informed and believes Defendants CARDENAS, MARTINEZ, and/or DOES 1-100 acted with a willful and conscious disregard of LUNA's rights as secured by Cal. Civ. Code § 52.1, thus entitling Plaintiff to recover punitive damages pursuant to Cal. Civ. Code § 52, subd. (b)(1).

113. Defendants CITY, LAPD, and DOES 1-100 are vicariously liable for the wrongful acts of Defendant OFFICERS and DOES 1-100 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

**TENTH CAUSE OF ACTION**

**WRONGFUL DEATH**

**(Against All Defendants)**

114. Plaintiff repeats and re-alleges all prior paragraphs of this Complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

115. This claim is brought by S.L. in her individual capacity as the surviving child of LUNA.

116. The Defendants' wrongful conduct, as alleged above, caused the death of LUNA.

117. As a result of Defendants' wrongful conduct causing LUNA's death, Plaintiff S.L. suffered a loss of love, companionship, loss of care, loss of moral support, and loss of society.

118. The individual Defendants' wrongful conduct causing LUNA's death subjects them to personal liability under Federal and State law.

**EXHIBIT 1 - Page 24**

COMPLAINT AND DEMAND FOR JURY TRIAL

**McMurray Henriks, LLP**
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

119.    The CITY, LAPD, and/or DOES 1-100 are vicariously liable for wrongful death pursuant to section 815.2 of the Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

120.    Plaintiff S.L. is claiming wrongful death damages under this cause of action.

## ELEVENTH CAUSE OF ACTION

### INTERFERENCE WITH FAMILIAL RELATIONSHIP

### (Against All Defendants)

121.    Plaintiff repeats and re-alleges all prior paragraphs of this Complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

122.    S.L., as the natural child of LUNA, had a cognizable interest under the Due Process Clause of the Fourteenth Amendment to be free from unwarranted state interference with her familial relationship with her father. S.L. by and through her guardian *ad litem* PATRICIA GUEVARA brings this claim in her individual capacity.

123.    As a result of the excessive force by Defendant Officers CARDENAS, MARTINEZ, and/or DOES 1-100, LUNA succumbed to his injuries and died. Plaintiff was thereby deprived of her constitutional right of familial relationship with LUNA.

124.    The failure to summon prompt medical care by Defendant Officers CARDENAS, MARTINEZ, and/or DOES 1-100 contributed to LUNA's injuries and/or to his death and deprived Plaintiff of her constitutional right of familial relationship with LUNA.

125.    Defendant Officers CARDENAS, MARTINEZ, and/or DOES 1-100 acting under color of state law, thus violated the Fourteenth Amendment rights of S.L. by and through her guardian *ad litem* and PATRICIA GUEVARA to be free from unwarranted interference with their familial relationship with LUNA.

126.    The aforementioned actions of Defendant Officers CARDENAS, MARTINEZ, and/or DOES 1-100 along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Plaintiff and LUNA, and with purpose to harm unrelated to any legitimate law enforcement objective.

**EXHIBIT 1 - Page 25**

COMPLAINT AND DEMAND FOR JURY TRIAL

127.    As a direct and proximate cause of the acts of Defendant Officers CARDENAS, MARTINEZ, and/or DOES 1-100, Plaintiff has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of LUNA, and will continue to be so deprived for the remainder of her natural life.

128.    The conduct of Defendant Officers CARDENAS, MARTINEZ, and/or DOES 1-100 was malicious, oppressive or in reckless disregard for the rights of Plaintiff, and therefore warrants the imposition of exemplary and punitive damages as to these Defendants.

129.    Plaintiff seeks attorney's fees and costs under 42 U.S.C § 1988 under this claim for relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.   For general damages in an amount to be determined according to proof at trial;

2.   For special damages in an amount to be determined according to proof at trial;

3.   For attorney fees, costs, and expenses in an amount to be determined according to proof at trial;

4.   For punitive and exemplary damages against Defendants CARDENAS, MARTINEZ, and DOES 1-100 only;

5.   For costs of suit;

6.   For legal interest on the judgment;

7.   For such other and further relief as the Court deems just and proper.

DATED: October 24, 2023          **MCMURRAY HENRIKS, LLP**


By:    _____
       Yana G. Henriks, Esq.
       Nolan Dilts, Esq.
       Attorneys for Plaintiff,
       S.L., a minor, by and through her guardian *ad litem*, PATRICIA GUEVARA

**EXHIBIT 1 - Page 26**
COMPLAINT AND DEMAND FOR JURY TRIAL

McMurray Henriks, LLP
811 Wilshire Boulevard, Suite 1640
Los Angeles, CA 90017

**DEMAND FOR JURY TRIAL**

Plaintiff S.L., a minor, by and through her guardian *ad litem*, PATRICIA GUEVARA, hereby demands a jury trial.


DATED: October 24, 2023            **MCMURRAY HENRIKS, LLP**

By: _____
    Yana G. Henriks, Esq.
    Nolan Dilts, Esq.
    Attorneys for Plaintiff,
    S.L., a minor, by and through her guardian *ad litem*, PATRICIA GUEVARA

**MCMURRAY HENRIKS, LLP**
811 WILSHIRE BOULEVARD, SUITE 1640
LOS ANGELES, CA 90017

**EXHIBIT 1 - Page 27**

COMPLAINT AND DEMAND FOR JURY TRIAL